# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DANA INGRAM, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:11-CV-549 CAS |
| THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY, INDUSTRIAL TRANSPORT, INC., and EXEL, INC. | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on plaintiff Dana Ingram's Motion to Remand. The defendants have not filed a response to the motion and the time to do so has passed. For the following reasons, the motion will be granted.

**Background**

Plaintiff filed his Petition in the Circuit Court for the City of St. Louis, State of Missouri, alleging state law negligence claims against the defendants. Defendant The Procter & Gamble Paper Products Company ("P&G") removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, asserting jurisdiction on the basis of diversity of citizenship. The other defendants consented to the removal.

Plaintiff moves for remand, arguing that the Court lacks jurisdiction because the amount in controversy does not exceed $75,000. In support of his motion, plaintiff submits an affidavit including a stipulation that he does not seek judgment in excess of $75,000, and that he agrees to limit his recovery to $75,000.

**Discussion**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). The propriety of removal to federal courts depends on whether the claim is within the scope of the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(b). In the event the federal court determines that it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c). Removal statutes are strictly construed, In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993), and all doubts about the propriety of removal must be resolved in favor of remand. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. In re Business Men's Assurance Co., 992 F.2d at 183. The Court must look to the plaintiff's pleadings at the time of removal in determining whether removal was proper. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The Court notes that under Eighth Circuit precedent, Missouri state court petitions such as plaintiff's, which seek an unspecified amount of damages, do not establish damages in excess of the jurisdictional amount and do not start the thirty-day time limit for removal. See Knudson v. Systems Painters, Inc., 634 F.3d 968, 974 (8th Cir. 2011) (citing In re Willis, 228 F.3d 896, 897 (8th Cir. 2000) (per curiam)).

P&G removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under that statute, complete diversity of citizenship must exist between the plaintiff and the defendants, and the amount in controversy must exceed $75,000 exclusive of interest and costs. In the Petition, plaintiff alleges he suffered serious injury to his left ankle when he fell on a sheet of ice at a P&G warehouse and distribution center in Green Bay, Wisconsin, and has incurred medical expenses, suffered limitation of motion, loss of strength and decrease in mobility, has suffered and continues to suffer pain, and has incurred and continues to incur lost wages, and has suffered in his ability to work, labor, and enjoy life. In the prayers for relief against the defendants, plaintiff seeks unspecified damages in a "sum that will fairly and justly compensate him in an amount in excess of Twenty-Five Thousand Dollars." Petition at 4-5, 6, 8.

The Supreme Court held in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), that a plaintiff may prevent removal by committing to accept less than the federal jurisdictional amount. After a case has been removed to federal court, however, it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount. Id. at 292-93. The rule from St. Paul Mercury has "consistently been applied to cases in which the petition at the time of the removal expressly stated a claim in excess of the jurisdictional amount, and therefore, removal jurisdiction had already attached." Halsne v. Liberty Mut. Group, 40 F. Supp. 2d 1087, 1090 (N.D. Iowa 1999).

Plaintiff's petition in this case, in contrast, does not expressly state a claim in excess of the jurisdictional amount. Furthermore, plaintiff now stipulates that his damages do not exceed and he will not accept an amount greater than $75,000.[1] Where state law prohibits plaintiffs from

---

[1] The Court believes this type of sworn stipulation is binding upon plaintiff, and may be enforced through appropriate sanctions. See Fliter v. Werner Enters., 2005 WL 5834638, at *1

3

specifying damages in their state court complaints, this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending an original pleading. See Berry v. Renaissance Hotel Mgmt., LLC, 2011 WL 1379860, at *2 (E.D. Mo. Apr. 12, 2011); Salinas v. USAA Casualty Ins. Co., No. 4:10-CV-1103 DJS (E.D. Mo. July 27, 2010); McGuire v. J.B. Hunt Transport, Inc., No. 4:10-CV-746 MLM (E.D. Mo. June 10, 2010); Dyrda v. Wal-Mart Stores, Inc., 41 F.Supp.2d 943, 949 (D. Minn. 1999); Halsne, 40 F.Supp.2d at 1092.

Missouri Rules of Civil Procedure 55.05 and 55.19 prohibit the pleading of a specific amount in controversy in tort cases. In the instant case, plaintiff's petition asserts tort claims against the defendants for negligence. The petition prays for a "fair[] and just[]" amount of damages in excess of $25,000. Under these circumstances, the Court finds that plaintiff's affidavit does not seek to amend his petition, but rather clarify its demands. As such, plaintiff's post-removal stipulation as to the amount in controversy can be considered to decide whether jurisdiction has attached.

As the parties invoking jurisdiction, defendants have the burden of establishing that all prerequisites to jurisdiction have been satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The defendants did not oppose plaintiff's motion, and therefore did not attempt to meet their burden. The Court finds that the amount in controversy does not exceed $75,000, and thus, jurisdiction was lacking at the time of removal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand is **GRANTED**. [Doc. 31]

---

(E.D. Mo. Dec. 14, 2005).

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the City of St. Louis, State of Missouri, from which it was removed.

**IT IS FURTHER ORDERED** that defendant P&G's Motion to Dismiss or Transfer for Improper Venue, defendant Industrial Transport, Inc.'s Motion to Dismiss or Transfer for Improper Venue, and defendant Industrial Transport, Inc.'s Motion to Dismiss or Transfer for Lack of Personal Jurisdiction, are **DENIED as moot**, without prejudice. [Docs. 4, 11, 13]

                                                                       _[signature]_
                                                                       **CHARLES A. SHAW**
                                                                       **UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of April, 2011.